UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DENISE K. SHULL; THE RETHINK GROUP, INC.,         :
                                                  :
                        Plaintiffs,               :
                                                  :
        -against-                                 :    MEMORANDUM DECISION
                                                  :    AND ORDER
TBTF PRODUCTIONS, INC.; SHOWTIME                  :
NETWORKS INC; CBS CORPORATION; BRIAN              :    18 Civ. 12400 (GBD)
KOPPLEMAN; DAVID LEVIEN; DAVID NEVINS;            :
ANDREW ROSS SORKIN,                               :
                                                  :
                        Defendants.               :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 6 2020

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Denise K. Shull and the ReThink Group, Inc. (collectively, "Plaintiffs") brought this copyright infringement suit against Defendants Andrew Ross Sorkin, Brian Koppelman, David Levien, David Nevins, TBTF Productions Inc., Showtime Networks Inc, and CBS Corporation (collectively, "Defendants"). Plaintiffs alleged, *inter alia*, that Defendants improperly appropriated, copied, prepared, distributed, displayed, and offered for sale Plaintiffs' copyrighted work *Market Mind Games*, as well as Plaintiff Shull's style and persona without permission, compensation, or remuneration, in violation of the Copyright Act, 17 U.S.C. §§ 101–1401, Section 43(a) of the Lanham Act, 115 U.S.C. § 1125(a), Sections 50 and 51 of the New York Civil Rights Law, Section 349 of the New York General Business Law, and an implied-in-fact contract between Plaintiffs and Defendants. (*See* Compl., ECF No. 4 at ¶¶ 47–97.) Plaintiffs also claimed that Defendants were unjustly enriched by Plaintiff Shull's consulting on their popular television show *Billions*. (*Id.* ¶ 1.)

      Defendants previously moved this Court to dismiss Plaintiffs' complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Notice of Mot. to

Dismiss Pls.' Compl., ECF No. 56; *see also* Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pls.' Compl., ECF No. 57.) On October 4, 2019, this Court granted Defendants' motion as to the copyright infringement and state law claims and denied Defendants' request for attorneys' fees and costs. (*See* Mem. Decision and Order ("Oct. 4, 2019 Decision"), ECF No. 74.)

Plaintiffs now move this Court to (1) reconsider and vacate the October 4, 2019 Decision; (2) vacate its October 4, 2019 order and the Clerk of Court's October 9, 2019 judgment; (3) grant leave to amend Plaintiffs' complaint; and (4) remand to the Supreme Court of the State of New York the state claims included in the complaint. (*See* Notice of Mot., ECF No. 77.) Plaintiffs' motion is DENIED.[1]

## I. LEGAL STANDARDS

### A. Motions to Vacate or Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 59(e).

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "[A] postjudgment motion . . . , if it involves reconsideration of matters properly encompassed in a decision on the merits, is to be deemed a motion to alter or amend the judgment pursuant to Rule 59(e)" of the Federal Rules of Civil Procedure. *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 136–37 (2d Cir. 2000). "The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." *Sullivan v. N.Y.C. Dep't of Investigation*, No. 12 Civ. 2564 (TPG), 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y.

---

[1] A complete factual background is set forth in this Court's previous decision on Defendants' motion to dismiss, (*see* Oct. 4, 2019 Decision at 2–7), with which familiarity is assumed.

2

2007)). Rule 59(e) is "meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16 Civ. 740 (JMF), 2018 WL 3632500, at *1 (S.D.N.Y. July 30, 2018) (citation omitted). Accordingly, "the standard for granting such a motion is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and is met "only if the movant satisfies the heavy burden of demonstrating 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Hollander v. Members of Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (quoting *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

### B. Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).

"Rule 60(b) provides for relief from judgment on any of several grounds specified in five numbered subparts and under a sixth, catch-all provision allowing for relief for 'any other reason.'" *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (citations omitted). "Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Whittaker*

3

*v. N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

### C. Post-Judgment Motions to Amend a Complaint.

"A party seeking to file an amended complaint [post-judgment] must first have the judgment vacated or set aside pursuant to [Rule] 59(e) or 60(b)." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Ruotolo*, 514 F.3d at 191). A party's Rule 60(b) motion for leave to amend must be "evaluated with due regard to both the value of finality and the policies embodied in Rule 15." *Williams*, 659 F.3d at 213. "[T]hat the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under Rule 15(a) and for refusing to reopen the judgment under Rule 60(b)." *Sahni v. Staff Attorneys Ass'n*, No. 14 Civ. 9873 (NSR), 2018 WL 654467, at *3 (S.D.N.Y. Jan. 30, 2018) (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) ); *cf. Strategic Capital Dev. Grp. v. Sigma-Tau Pharms., Inc.*, Nos. 98-7144, 99-7364, 1999 WL 973313, at *1 (2d Cir. Sept. 23, 1999) (reversing denial of leave to amend where plaintiff "furnished a facially sufficient proposed amended complaint"). *See also Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir.1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.").

## II. PLAINTIFFS ARE NOT ENTITLED TO POST-JUDGMENT RELIEF

### A. Plaintiffs are Not Entitled to Relief Pursuant to Rule 59(e).

Plaintiffs argue that they are entitled to relief pursuant to Rule 59(e) because this Court acted in clear error by "rely[ing] on facts that were not 'asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" (*See* Mem. of Law in Supp. of Pls.' Mot. ("Mem. in Supp."), ECF No. 78 at 4 (citation omitted).) Plaintiffs assert that this Court instead relied upon Defendants' summary of

the facts, evidenced by its citations to Defendants' memorandum of law in support of its motion to dismiss. (*Id.* at 5.) This argument is without merit—as Plaintiffs attempt to raise a distinction without a difference. Plaintiffs do not identify any specific facts upon which this Court relied that might have been different had it cited to the complaint instead of the Defendants' brief. (*See id.* at 4–5.) Instead, Plaintiffs attempt to take a second bite at the apple by making the futile argument that this Court's citations alone demonstrate that they are entitled to relief—despite the fact that the source material this Court cited merely supplemented the information found in the complaint and discussed at oral argument.

Plaintiffs further argue that this Court should not have considered information available through an internet search,[2] arguing that this was "improper as a matter of law." (*Id.* at 5.) Plaintiffs do not provide any case law or supporting references to support this claim, nor do they provide any detail as to the basis on which they conclude that this Court conducted an improper internet search. (*See id.*) It is well settled within this Circuit that in reviewing a motion under Rule 12(b)(6), a district court "may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *See, e.g., Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see also Evans v. N.Y. Botanical Garden*, No. 2 Civ. 3591,

---

[2] Specifically, a routine internet search in further support of the conclusion that (1) it is common on Wall Street to use in-house performance coaches, and (2) therefore, it is not reasonable for Plaintiff Shull to claim that she can copyright the idea of a female in-house performance coach. (*See* Oct. 4, 2019 Decision at 22–23.) The results of this search, as clearly articulated in this Court's previous decision, (*see id.*), served solely to confirm the information and evidence that Plaintiffs themselves proffered to this Court in their opposition to Defendants' motion to dismiss, (*see* Decl. of Rosanne Elena Felicello, Ex. 4 (November 11, 2013 *Dealbook* Article), ECF No. 62-4.)

2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) (holding that a court may take judicial notice of matters of public records on a motion to dismiss).

## B. Plaintiffs are Not Entitled to Relief Pursuant to Rule 60(b).

Plaintiffs additionally claim that they are entitled to post-judgment relief pursuant to Rule 60(b). (*See* Mem. in Supp. at 5–7.) First, they argue that this Court "overlooked substantial evidence in the record that support Plaintiffs' claims for copyright and implied contract," pointing to language this Court quoted from oral argument. (*Id.* at 6.) Specifically, Plaintiffs argue that because this Court quoted its own question from oral argument, but did not also quote Plaintiffs' counsel's response, this Court's "analysis is fundamentally unfair" and it "would be an injustice not to include and consider counsel's response in the analysis." (*Id.*) Plaintiffs cannot possibly know what efforts this Court undertook and what information this Court did or did not consider in reaching its conclusions. Indeed, this Court's decision and independent analysis at oral argument demonstrate that it gave great weight and consideration to Plaintiffs' arguments and answers to its questions. Moreover, Plaintiffs do not offer any specific information that this Court apparently overlooked that would cause this Court to reach an alternative conclusion. Instead, Plaintiffs simply reassert the same or similar arguments they previously made, and this Court previously rejected, despite this Court's thorough review at the motion to dismiss phase.[3] Plaintiffs' motion therefore reads solely as an attempt to simply relitigate arguments previously considered and rejected.

---

[3] For example, Plaintiffs further argue that this Court misapplied the law of copyright, because it did "not consider[] the sequence of events of *Market Mind Games* and the interplay of the characters as compared to particular events in *Billions*. (*Id.* at 7.) Plaintiffs also assert the conclusory claim that this Court "erred in determining that a female performance coach working in-house in a fictional hedge fund is a 'stock character.'" (*Id.*) In simply asserting that this Court did not consider certain information, Plaintiffs overlook the fact that this Court's decision analyzed various details under multiple tests analyzing the relationship between the allegedly similar characters. (*See* Oct. 4, 2019 Decision 9–13.)

6

### C. Plaintiffs' Motion for Leave to Amend is Denied.

Plaintiffs assert that they were "not afforded an opportunity to amend their complaint, despite it being the usual practice in this Circuit to grant leave to replead upon the grant of an initial motion to dismiss and despite Plaintiffs' request during oral argument for an opportunity to amend."[4] (Mem. in Supp. at 6.) Plaintiffs, however, incorrectly recite the order of the record. Plaintiffs requested leave to amend for the first time only after this Court entered a final judgment.[5] Because a judgment was entered prior to Plaintiffs' request to amend, this Court may grant leave to amend only if it finds that "exceptional circumstances" exist, warranting relief under either Rule 59(e) or 60(b)—a principle that Plaintiffs themselves acknowledge. *See Weiming Chen*, 595 F. App'x at 80 (quoting *Ruotolo*, 514 F.3d at 191). (*See also* Pls.' Mem. of Law in Reply, ECF No. 85 at 2 (acknowledging that Plaintiffs "cannot amend under Rule 15(a) unless the judgment is modified, either by this Court pursuant to Rule 59(e) or 60(b) or on appeal").) While this Court has discretion in determining whether to grant leave to amend as a means of post-judgment relief, it need not consider arguments that simply relitigate issues already handled by the Court.

---

[4] The comments Plaintiffs made at oral argument regarding any potential amendment to their complaint cannot reasonably be construed as an actual request or motion to amend. (*See* Tr. of Oral Arg. dated Apr. 18, 2019, ECF No. 66 at 62:13–15 ("We didn't detail the specific questions in the book. I am happy to amend the complaint to add them if you think that would be helpful."); 67:7–10 ("I am not sure if it's stated as clearly in the complaint as we have stated it in our papers, which we would offer the Court as an amendment to the complaint."); 76:19–20 ("I would be happy to amend it if you think it's necessary, but I think we have a claim.").) Plaintiffs did not indicate to this Court—or, as far as this Court is aware, to Defendants—that it intended to file any amendments.

[5] Indeed, while Plaintiffs opposed Defendants' motion to dismiss, (Mem. of Law in Opp'n to Defs.' Mot. to Dismiss Pls.' Compl., ECF No. 61), they did not move to amend the complaint. Courts within this Circuit have consistently denied motions for leave to amend where the moving party failed to attach a proposed amended complaint. *See, e.g., Allison v. Clos-ette Too, LLC*, No. 14 Civ. 1618 (LAK) (JCF), 2014 WL 4996358, at *2 (S.D.N.Y. Sept. 15, 2014) (denying the plaintiff's motion for leave to amend where she did not attach a proposed amended complaint, stating that "[a]ny motion to amend should be accompanied by a proposed amended complaint . . . [and] the court may deny leave when it is unclear what changes are proposed."). Moreover, the proposed amended complaint that Plaintiffs finally *did* proffer consists entirely of (1) futile allegations previously considered by this Court in the Oct. 4, 2019 Decision, and (2) new claims that Plaintiffs attempt to bring for the first time. (*See id.*)

7

## III. PLAINTIFFS' MOTION TO REMAND THE STATE LAW CLAIMS IS DENIED

Plaintiffs assert that this Court previously declined to exercise supplemental jurisdiction over Plaintiffs' state law misappropriation claims. They now request that this Court remand those claims for further proceedings. (Mem. in Supp. at 14.) Plaintiffs incorrectly summarize this Court's decision. This Court did not decline to exercise supplemental jurisdiction, but instead explicitly ruled on and found that the state law claims failed as a matter of law "because Plaintiffs fail to establish that Shull and Defendants were in a fiduciary relationship." (*See* Oct. 4, 2019 Decision 29 n. 6.) Plaintiffs' request for remand to state court is therefore denied.

## IV. CONCLUSION

Plaintiffs' motion (1) to vacate the Oct. 4, 2019 Decision, (2) for reconsideration of the Oct. 4, 2019 Decision, (3) for leave to amend, and (4) to remand the state law claims to the Supreme Court of the State of New York, (ECF No. 77), is DENIED. The Clerk of Court is directed to close this motion accordingly.

Dated: New York, New York  
September 16, 2020

SO ORDERED.

*George B. Daniels*  
GEORGE B. DANIELS  
United States District Judge